SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

ADEGEN@SIDLEY.COM
+1 213 896 6682

March 4, 2019

**Filed Electronically**

The Honorable Edward M. Chen
U.S. District Court, Northern District of California
San Francisco Courthouse, Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    <u>*Keshav Bhattarai, et al. v. Kirstjen Nielsen, et al.*</u>, Case No. 3:19-cv-00731-EMC

Dear Judge Chen:

      This joint letter brief concerns a discovery dispute. Plaintiffs request discovery to support a motion, expected at the end of March, to enjoin termination of Temporary Protected Status ("TPS") for Nepal and Honduras. The parties have conferred, including telephonically on February 13 and 19, and despite good-faith discussions, have not reached an agreement. The parties disagree whether discovery should proceed prior to resolution of the preliminary injunction motion and Defendants' anticipated motion to dismiss. Should the Court order discovery beyond the administrative record and the discovery produced in other TPS litigations, the parties propose filing a joint discovery plan within 7 days of such an order addressing, *inter alia*, Plaintiffs' proposed written discovery provided to Defendants on February 14, 2019.[1]

### I.    <u>**Plaintiffs' Position for Early, Limited Discovery**</u>

      Plaintiffs are six TPS holders and two U.S.-citizen children representing a putative class of American children. The Court is well aware of the impact on Plaintiffs should the TPS terminations become effective. Because of the significant and irreparable harms that will occur, Plaintiffs will seek a preliminary injunction. In *Ramos v. Nielsen*, Case No. 18-cv-01554-EMC ("*Ramos*"), this Court recognized the importance of discovery to such a motion.

      "Discovery can begin [early] if authorized . . . by . . . order." Fed. R. Civ. P. 26(d) Adv. Comm. Note to 1993 amendment. Courts allow discovery for "good cause," "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the requests; (3) the purpose of expedited discovery; (4) burden; and (5) how far in advance the

---

[1] The parties disagree as to whether Defendants have been served by Plaintiffs emailing Defendants proposed written discovery. Defendants' view is that no discovery can be served prior to a Rule 26(f) conference unless by local rule, order, or stipulation, Fed. R. Civ. P. 26(d), none of which has happened here.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

request was made. *Apple Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). All five factors favor discovery here.

*First*, good cause exists when plaintiffs seek discovery to evaluate whether to seek a preliminary injunction. *Apple*, 2011 WL 1938154, at *2. *Second*, Plaintiffs seek limited, tailored discovery. The requests largely seek administrative records, reports, recommendations, or easily producible materials. Plaintiffs further specified key custodians, most of whom were identified by Defendants as relevant in *Ramos*, and the rest of whom Plaintiffs identified from discovery received in *Ramos*. Plaintiffs are open to negotiating the scope of the requests, but Defendants have not provided the threshold information needed to do so. Plaintiffs have obtained as much discovery as possible through other means. What remains is information in Defendants' possession that could prove critical, particularly as to Nepal, which is not part of any other TPS litigation. *Third*, the requests elicit evidence to enjoin the Nepal and Honduras TPS terminations, the first of which (Nepal) is set for June 24, 2019—just four months away.

*Fourth*, Plaintiffs served discovery promptly to afford Defendants as much time as possible to respond. The equities favor a response given the rights of approximately 100,000 TPS holders and 50,000 U.S.-citizen children at stake. *Semitool*, 208 F.R.D. at 276 ("consideration of the administration of justice" outweighed burden objections); *Gomez v. Sessions*, No. 3:17-cv-03615-VC, Dkt. 47 (N.D. Cal. Sept. 8, 2017) (permitting early discovery in class action by immigrant children). Defendants object on burden to providing discovery beyond that produced in other TPS cases, but Plaintiffs ask for responses within thirty days as contemplated by the rules. No other TPS case involves Nepal. Honduras is at issue in only one case where discovery is incomplete. The terminations here occurred months after those challenged in other cases. *Finally*, Plaintiffs contacted Defendants the day after filing the complaint to discuss discovery, and served requests merely three days later.

Defendants' jurisdictional objection was rejected by this Court. *Ramos*, Dkt. 34. Plaintiffs here also raise non-APA claims, so discovery is not limited to the administrative record. *Webster v. Doe*, 486 U.S. 592, 604 (1988) ("discovery process" available for related constitutional claims). Extra-record discovery is also permitted because Plaintiffs have shown bad faith. *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988), amended, 867 F.2d 1244 (9th Cir. 1989). The administrative record also "consists of all documents and materials directly or *indirectly* considered by agency decision-makers" and subordinates. *Ramos*, Dkt. 34. In short, Plaintiffs request targeted discovery to vindicate the rights of approximately 150,000 persons.

## II.     **Defendants' Position in Opposition to Early Discovery**

The Department of Homeland Security announced the terminations of Nepal and Honduras more than nine months before Plaintiffs brought the current action.[2] Having waited this long to bring their lawsuit, Plaintiffs cannot now show good cause for taking expedited discovery in anticipation of a preliminary injunction motion they intend to file in less than one month. Quite simply, Plaintiffs' delay in bringing this lawsuit does not constitute a "good cause"

---

[2] *See* https://www.dhs.gov/news/2018/04/26/secretary-kirstjen-m-nielsen-announcement-temporary-protected-status-nepal (April 26, 2018); https://www.dhs.gov/news/2018/05/04/secretary-homeland-security-kirstjen-m-nielsen-announcement-temporary-protected (May 4, 2018).

basis for the Court to omit the predicate steps of first determining whether it has jurisdiction and, if so, whether Plaintiffs have met their burden of showing that discovery should be allowed beyond the administrative record. *See In re United States*, 138 S. Ct. 443, 445 (2017) (granting writ of certiorari and directing district court to rule on Government's threshold arguments for dismissal before requiring completion of administrative record); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (requiring a "strong showing of bad faith or improper behavior" to supplement the administrative record), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (applying administrative record review rule to constitutional claims).

In any event, even if this Court were to order extra-record discovery at this early stage, such discovery should be limited to the production of the more than 9,000 documents already produced, or being processed for production, in other TPS litigation. These documents total more than *75,000 pages* and have limited or no redactions.[3] Of these produced documents, approximately 3,000 of them reference Honduras and approximately 850 reference Nepal. Further, Plaintiffs have access to the transcripts of the ten depositions of Defendants' witnesses taken in other TPS litigation. That record should be more than sufficient for Plaintiffs' purposes in bringing a motion for preliminary injunction. Indeed, the large volume of materials cited in Plaintiffs' 157 paragraph complaint even further demonstrates that there is already more than sufficient documentation available to Plaintiffs for them to litigate a preliminary injunction motion in the normal course. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("Given [the] limited purpose [of a preliminary injunction], and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.").

Moreover, ordering discovery beyond the materials produced in other TPS cases would unnecessarily complicate other TPS litigation and unduly burden Defendants. Notwithstanding Plaintiffs' assertion that their proposed written discovery is limited, their discovery is in fact expansive and would require substantial additional document collection and review that has not yet been done. These requests would accordingly negatively impacts Defendants' ability to respond timely to the various discovery requests in other active TPS lawsuits.

In sum, Defendants ask this Court to require Plaintiffs to rely on the voluminous material already in their possession in support of their motion for preliminary injunction or, in the alternative, limit any further production to the certified administrative records in this case. To the extent this Court orders any extra-record discovery, it should be limited to what has been or is being produced in other TPS litigation.

---

[3] Thousands of additional documents have been withheld as privileged and logged.

Respectfully submitted,

*/s/ Alycia A. Degen*
Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

*/s/ Adam Kirschner*
ADAM KIRSCHNER (IL Bar # 6286601)
Senior Trial Counsel
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-9265
Fax: (202) 616-8460
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*