1  Ahilan T. Arulanantham, SBN 237841
   aarulanantham@aclusocal.org
2  Zoë N. McKinney, SBN 312877
   zmckinney@aclusocal.org
3  ACLU FOUNDATION ᴏꜰ SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-5211/Fax: (213) 977-5297
5
   Jessica Karp Bansal, SBN 277347
6  jbansal@ndlon.org
   Emilou MacLean, SBN 319071
7  emi@ndlon.org
   NATIONAL DAY LABORER
8  ORGANIZING NETWORK
   674 S. La Layette Park Place
9  Los Angeles, CA 90057
   Telephone: (213) 380-2214/Fax: (213) 380-2787
10
   Alycia A. Degen, SBN 211350
11 adegen@sidley.com
   Sean A. Commons, SBN 217603
12 scommons@sidley.com
   SIDLEY AUSTIN LLP
13 555 West Fifth Street, Suite 4000
   Los Angeles, CA 90013
14 Telephone: (213) 896-6000/Fax: (213) 896-6600
   Attorneys for Plaintiffs
15 [Additional Counsel Listed on Next Page]

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18 | KESHAV BHATTARAI; SAJJAN PANDEY; | Case No.  3:19-cv-00731-EMC
   | SUMNIMA THAPA; DONALDO POSADAS |
19 | CACERES; SORAYDA RODRIGUEZ | **STIPULATION TO STAY PROCEEDINGS**
   | MOTIÑO; DENIS MOLINA CHAVEZ; S.S., |
20 | individually and on behalf of others similarly |
   | situated; and G.D.P., individually and on | The Honorable Edward M. Chen
21 | behalf of others similarly situated, |

22                *Plaintiffs*,

23        v.

24 KIRSTJEN NIELSEN, in her official capacity
   as Secretary of Homeland Security; ELAINE
25 C.DUKE, in her official capacity as Deputy
   Secretary of Homeland Security; UNITED
26 STATES DEPARTMENT OF HOMELAND
   SECURITY; and UNITED STATE OF
27 AMERICA

28                *Defendants*.

Additional Counsel for Plaintiffs

Laboni Hoq, SBN 224140
lhoq@advancingjustice-la.org
Christopher Lapinig, SBN 322141
clapinig@advancingjustice-la.org
Michelle (Minju) Cho, SBN 321939
mcho@advancingjustice-la.org
ASIAN AMERICANS ADVANCING JUSTICE – LOS ANGELES
1145 Wilshire Blvd., 2nd Floor
Los Angeles, CA 90017
Telephone: (213) 977-7500/Fax: (213) 977-7500

Jingni (Jenny) Zhao, SBN 284684
jennyz@advancingjustice-alc.org
Winifred Kao, SBN 241473
winifredk@advancingjustice-alc.org
ASIAN AMERICANS ADVANCING JUSTICE – ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701/Fax: (415) 896-1702

Tami Weerasingha-Cote, SBN 995355 (Washington, D.C.)
tweerasi@sidley.com
Ava X. Guo, SBN 1027694 (Washington, D.C.)
aguo@sidley.com
Kimberly Leaman, SBN 85925 (Virginia)
kimberly.leaman@sidley.com
Tyler Domino, SRN 5614631 (New York)
tdomino@sidley.com
Jon Dugan, SBN 93480 (Virginia)
jdugan@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington D.C., 20005
Telephone: (202) 736-8000/Fax: (202) 736-8711

Pursuant to Local Rule 7-12, the parties hereby stipulate to, and respectfully request, on the terms set forth in this stipulation, a stay of proceedings on the merits of Plaintiffs' claims pending either (a) final disposition of Defendants' appeal of the preliminary injunction in *Ramos v. Nielsen*, No. 18-01554, including through any additional appellate channels in which relief may be sought, or (b) other order of this Court.

The basis for this stipulation is as follows:

1.      On April 26, 2018, the Secretary of Homeland Security announced the termination of Temporary Protected Status ("TPS") for Nepal effective June 24, 2019. *See* 83 FR 23705 (May 22, 2018). On May 4, 2018, the Secretary of Homeland Security also announced the termination of TPS for Honduras effective January 5, 2020. *See* 83 FR 26074 (June 5, 2018). Plaintiffs have brought claims under the Administrative Procedure Act and the Fifth Amendment relating to those terminations. Defendants believe the Court lacks jurisdiction over this matter and, otherwise, believe the terminations were conducted in accordance with all applicable laws.

2.      Plaintiffs' claims are very similar to the claims raised by the plaintiffs in *Ramos*, relating to termination of TPS for El Salvador, Haiti, Nicaragua, and Sudan. Defendants believe the Court in *Ramos* lacks subject matter jurisdiction and that the terminations at issue in that case were conducted in accordance with all applicable laws.

3.      On October 3, 2018, in *Ramos*, this Court issued an order preliminarily enjoining and restraining Defendants "from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate [Temporary Protected Status ("TPS")] for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of this case on the merits." *See Ramos* Order [ECF No. 128] at 42. Further, this Court ordered Defendants to report within 15 days on the "administrative steps" Defendants would take or have taken to comply with the preliminary injunction. *See id*. at 43.

4.      On October 11, 2018, Defendants appealed the preliminary injunction in *Ramos* to the U.S. Court of Appeals for the Ninth Circuit. *Ramos* [ECF No. 129]. Briefing is now complete, and the parties expect the case to be scheduled for argument in the coming months.

5. Further, on October 23, 2018, pursuant to this Court's Order, Defendants reported on the administrative steps they had undertaken and planned to undertake in response to the *Ramos* preliminary injunction. *See, e.g., Ramos*, Declaration of Donald Neufeld [ECF No. 135-1]. In addition, Defendants stipulated that TPS for the four countries would remain in effect during the pendency of the appeal. *See Ramos*, Stipulation to Stay Proceedings [ECF No. 138] ¶ 6(c). Defendants also stated that, in the event the preliminary injunction were reversed on appeal, any termination of TPS for Sudan, Haiti, El Salvador, and Nicaragua would go into effect no sooner than 120 days from the issuance of any appellate mandate to this Court. *See Ramos*, Declaration of Donald Neufeld [ECF No. 135-1] ¶ 10; *Ramos*, Stipulation to Stay Proceedings [ECF No. 138] ¶ 6.

6. The parties' disputes in this case are similar to, and will be informed by, the disputes being litigated in *Ramos*. The interests of justice and judicial economy would be served by treating the decisions terminating TPS for Honduras and Nepal similarly to the decisions at issue in *Ramos* during the pendency of the *Ramos* appeal. Specifically, Defendants hereby stipulate that they will not "engag[e] in, commit[], or perform[], directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate [Temporary Protected Status ("TPS")] for" Honduras and Nepal, pending resolution of the appeal in *Ramos*, *see Ramos*, Order [ECF No. 128] at 42, or by other order of the Court. Defendants reserve the right to move the Court to lift this stay if the appellate decision in *Ramos* suggests a basis on which to distinguish the Honduras and Nepal TPS terminations from the TPS terminations at issue in *Ramos*.

7. Defendants further stipulate that they will take steps with respect to TPS holders from Honduras and Nepal equivalent to those that they agreed to take with respect to the TPS holders at issue in *Ramos*. These include that TPS for Honduras and Nepal will remain in effect during the pendency of this stay, that DHS will periodically issue Federal Register Notices automatically extending by nine-months the appropriate TPS-related documentation for TPS beneficiaries from Honduras and Nepal, with the first such notice to issue for TPS beneficiaries from Nepal approximately forty five (45) days prior to June 24, 2019, and for TPS beneficiaries from Honduras approximately forty five (45) days prior to January 5, 2020. These steps also

STIPULATION TO STAY PROCEEDINGS - CASE NO. 3:19-cv-00731-EMC

include in adjudicating late re-registration notices for TPS holders from Honduras and Nepal, USCIS adjudicators will give presumptive weight to whether the delay in filing for re-registration was due in whole or part to the termination notices. *See Ramos*, Stipulation to Stay Proceedings [ECF No. 138] ¶ 6; Declaration of Donald W. Neufeld ¶¶ 9, 16. Further, the parties agree that, in the event the *Ramos* preliminary injunction is reversed on appeal, any termination of TPS for Honduras or Nepal will go into effect no sooner than 120 days from the issuance of any appellate mandate to this Court or, to the extent Defendants move this Court to vacate the stay, 180 days from *vacatur* of the stay by this Court. In addition, for TPS beneficiaries subject to this stipulation, Defendants will take measures consistent with 8 U.S.C. § 1254a(c) and the *Ramos* agreement to ensure the beneficiaries' continued TPS eligibility and the continued validity of TPS-related documentation. *See Ramos*, Declaration of Donald Neufeld [ECF No. 135-1]; *Ramos*, Stipulation to Stay Proceedings [ECF No. 138].

8.      The parties also stipulate to a stay of the proceedings in this case. Therefore, in addition to staying production of the administrative records in this case, neither side will seek discovery during the pendency of that stay. During the stay, Plaintiffs will seek no relief from this Court beyond any relief needed to enforce the terms of this agreement, and Defendants will not move to dismiss this case.

9.      Both sides reserve the right to pursue any arguments in support of their positions upon expiration of this agreement, including but not limited to Defendants' arguments that this Court lacks subject matter jurisdiction, that, if there is jurisdiction, then review should be limited to the administrative record, and any other argument that either side could have made at this stage of the litigation had they not agreed to this stipulation and stay.

10.      This Court has the authority to issue a stay of proceedings pending the appeal in the related *Ramos* case: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

11.      Accordingly, Plaintiffs and Defendants, through counsel, stipulate and request the Court to order as follows:

STIPULATION TO STAY PROCEEDINGS - CASE NO. 3:19-cv-00731-EMC

(a)     Further proceedings on the merits of this case, including discussions about, and entry of, a schedule for resolving Defendants' motion to dismiss and Plaintiffs' motion for preliminary injunction, shall be stayed pending final resolution of Defendants' appeal of the preliminary injunction in *Ramos*, including through any additional appellate channels in which relief may be sought, or by other order of this Court.

(b)     In the event that the *Ramos* preliminary injunction is affirmed in whole or part after all appellate channels have been exhausted, the parties anticipate resuming litigation in this Court. In the event that the preliminary injunction is reversed on a ground that does not foreclose further discovery, nothing in this agreement forecloses Plaintiffs from initiating discovery forthwith, nor does anything in this agreement foreclose Defendants from opposing such discovery. Plaintiffs need not wait until the mandate issues before initiating discovery in such a situation.

(c)     Following the conclusion of the appeal of the preliminary injunction, TPS will remain in effect for Honduras and Nepal for a minimum of the latter of a) 120 days following the issuance of any mandate to the district court, or b) the Secretary's previously-announced effective date for the termination of TPS designations for each individual country (Nepal – June 24, 2019; Honduras – January 5, 2020). To the extent that Defendants move to vacate the stay in light of an appellate decision affirming the preliminary injunction in *Ramos* that suggests a basis on which to distinguish the Honduras and Nepal TPS terminations from the TPS terminations at issue in *Ramos*, TPS will remain in effect for Honduras and Nepal for at least 180 days following an order of this Court vacating the stay.

(d)     As in *Ramos*, nothing in this stipulation prevents Plaintiffs from presenting to the Court for resolution any issues concerning Defendants' compliance with Defendants' plan to implement the *Ramos* preliminary injunction, *Ramos*, [ECF No. 135-1], or with the terms of this stipulation. Should either side for any reason fail to comply with the terms of this stipulation, each side reserves the right to request that the Court lift this stay. The

STIPULATION TO STAY PROCEEDINGS - CASE NO. 3:19-cv-00731-EMC

parties, however, shall work in good faith to resolve the matter before they may petition the

Court for further guidance.

     12.    Following the exhaustion of all appeals in *Ramos* or order of this Court vacating the

stay, the parties plan to file a status report with this Court within 14 days of the issuance of the

mandate to this Court.

SO STIPULATED this 12th day of March, 2019.

                    Respectfully submitted,

                    SIDLEY AUSTIN LLP

                    /s/ *Alycia A. Degen*

                    Alycia A. Degen
                    Sean A. Commons
                    Tami Weerasingha-Cote
                    Ava Guo
                    Kimberly Leaman
                    Tyler Domino
                    Jon Dugan

                    ACLU OF SOUTHERN CALIFORNIA
                    Ahilan T. Arulanantham
                    Zoë N. McKinney

                    NATIONAL DAY LABORER
                    ORGANIZING NETWORK
                    Jessica Karp Bansal
                    Emilou MacLean

                    ASIAN AMERICANS ADVANCING
                    JUSTICE – LOS ANGELES
                    Laboni Hoq
                    Christopher Lapinig
                    Michelle (Minju) Cho

                    ASIAN AMERICANS ADVANCING
                    JUSTICE – ASIAN LAW CAUCUS
                    Jingni (Jenny) Zhao
                    Winifred Kao

                    *Attorneys for Bhattarai Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

*/s/ Adam Kirschner*
ADAM KIRSCHNER (IL Bar # 6286601)
Senior Trial Counsel
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-9265
Fax: (202) 616-8460
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*

## CIVIL LOCAL RULE 5-1(i) ATTESTATION

Pursuant to Local Rule 5-1(i)(3), regarding signatures, Alycia A. Degen hereby attests that

concurrence in the filing of this document has been obtained from counsel for Defendants.

*/s/ Alycia A. Degen*

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __March 12____, 2019         _____

The Honorable Edward M. Chen
United States District Judge